J. Andrew Coombs (SBN 123881)
Nicole L. Drey (SBN 250235)
J. Andrew Coombs, A Prof. Corp.
517 East Wilson Avenue, Suite 202
Glendale, California 91206
Telephone:    (818) 500-3200
Facsimile:    (818) 500-3201
andy@coombspc.com
nicole@coombspc.com

Stephen M. Gaffigan (Pro Hac Vice)
Stephen M. Gaffigan, P.A.
401 East Las Olas Blvd., Suite 130-453
Ft. Lauderdale, Florida 33301
Telephone: (954) 767-4819
Facsimile: (954) 767-4821
stephen@smgpa.net

Attorneys for Plaintiffs
Chanel, Inc. and Louis Vuitton Malletier, S.A.

THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA (SAN FRANCISCO DIVISION)

| | |
|---|---|
| CHANEL, INC., a New York corporation and LOUIS VUITTON MALLETIER, S.A., a foreign business entity,<br><br>Plaintiffs,<br>v.<br><br>TONY BOSINI and DOES 1-10, individually and jointly, d/b/a REPLICAMASTER.COM, SHOPREPLICA.COM, BUYHIGHREPLICA.COM, EREPLICABAGS.COM, EXACTWATCHES.NET, REPLICAHOURS.COM, SWISSREPLICA.US, THEWATCHESPRICEINDEX.INFO, and YOURREPLICAWATCH.COM,<br><br>Defendants. | Case No. C-09-1972 MHP<br><br>**NOTICE OF MOTION AND MOTION TO AUTHORIZE ALTERNATE SERVICE OF PROCESS ON DEFENDANT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(f)(3); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:   September 14, 2009<br>Time:   2:00 p.m.<br>Court:  Hon. Marilyn H. Patel |

1

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on September 14, 2009 at 2:00 p.m., or as soon thereafter as the matter may be heard, in Courtroom 15, 18th Floor, 450 Golden Gate Ave., San Francisco, California, before the Honorable Marilyn H. Patel, Plaintiffs Chanel, Inc., ("Chanel") and Louis Vuitton Malletier, S.A., ("Louis Vuitton") (collectively "Plaintiffs") will and hereby do move the Court, pursuant to Federal Rule of Civil Procedure 4(f)(3), for an order allowing service of the Summons and Complaint in this matter upon Defendant Tony Bosini ("Bosini") via e-mail.

This motion is based upon this notice, the accompanying memorandum of points and authorities, the attached declarations and exhibits thereto and such other matters as we may call to the Court's attention at or before the time of the hearing.

Dated: July 29, 2009

J. ANDREW COOMBS,
A PROFESSIONAL CORPORATION

By: _____
J. Andrew Coombs
Nicole L. Drey
Attorneys for Plaintiffs
CHANEL, INC. and
LOUIS VUITTON MALLETIER, S.A.

2

NOTICE OF MOTION AND MOTION TO AUTHORIZE ALTERNATE SERVICE OF
PROCESS ON DEFENDANT; MEMORANDUM OF POINTS AND AUTHORITIES
Case No. C-09-1972 MHP

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Plaintiffs, Chanel, Inc., ("Chanel") and Louis Vuitton Malletier, S.A., ("Louis Vuitton") (collectively "Plaintiffs") are suing Defendants Tony Bosini ("Bosini") and Does 1-10 (collectively "Defendants") for federal trademark infringement and counterfeiting and false designation of origin. Plaintiffs allege Defendant Bosini is promoting, selling, offering for sale and distributing counterfeit and infringing Chanel and Louis Vuitton branded products within this Judicial District through various fully interactive commercial Internet websites operating under at least the following domain names: replicamaster.com, shopreplica.com, buyhighreplica.com, ereplicabags.com, exactwatches.net, replicahours.com, swissreplica.us, thewatchespriceindex.info, and yourreplicawatch.com (the "Subject Domain Names").

Pursuant to Federal Rule of Civil Procedure 4(f)(3), Plaintiffs request an order allowing service of process on Defendant Bosini via e-mail. E-mail service is appropriate and necessary in this case, because Defendant Bosini (1) relies solely on electronic communications to operate his business and (2) operates anonymously via the Internet using false physical address information in his Subject Domain Name registrations in order to conceal his location and avoid liability for his unlawful conduct. Notwithstanding Defendant Bosini's concealment of his physical location, Plaintiffs still have the ability to contact Defendant Bosini directly and provide notice of Plaintiffs' claims against him. Specifically, the e-mail addresses listed by Defendant Bosini (1) as contact means on his websites and (2) in the WHOIS record for several of the Subject Domain Names have been determined to be current and reliable means by which Defendant Bosini may be apprised of the pendency of this action. Indeed, Defendant Bosini himself has recently admitted he may only be contact by e-mail. Therefore, Plaintiffs respectfully submit that an order allowing service of process via e-mail in this case will benefit all parties and the Court by ensuring Defendant Bosini receives immediate notice of the pendency of this action and allowing this action to move forward expeditiously. Absent the ability to serve Defendant Bosini by e-mail Plaintiffs will almost certainly be left without the ability to pursue a remedy.

3

NOTICE OF MOTION AND MOTION TO AUTHORIZE ALTERNATE SERVICE OF
PROCESS ON DEFENDANT; MEMORANDUM OF POINTS AND AUTHORITIES
Case No. C-09-1972 MHP

## II.   STATEMENT OF FACTS

### A.   Defendant Is Engaged in Illegal Activities Within This District.

Plaintiffs allege Defendant Bosini owns and operates the Internet websites existing under the Subject Domain Names. Defendant Bosini, through his websites, is offering for sale and selling counterfeit products, including at least handbags, wallets, watches, bracelets, earrings, and necklaces bearing trademarks which are exact copies of the Chanel trademarks and the Louis Vuitton trademarks identified in paragraphs 12-13 of the Complaint (the "Counterfeit Goods"). (See Declaration of Robert Holmes ("Holmes Decl.") and supporting Exhibits.) Defendant Bosini's websites are visibly advertising and offering for sale his Counterfeit Goods within all Judicial Districts, including the Northern District of California. Moreover, the Registry responsible for controlling all of the top level domain names at issue in this action is VeriSign, Inc., 487 East Middlefield Road, Mountain View, California 94043.

### B.   Defendant Bosini Relies Exclusively on Electronic Communications.

Defendant Bosini has structured his websites so that the only means for customers to purchase the Counterfeit Goods at issue is by placing an order over the Internet. Defendant Bosini takes and confirms customer orders exclusively through his websites, and answers inquires via e-mail. (See Holmes Decl. ¶ 4 and Exhibit 1 attached thereto, true and correct copies of the relevant pages from the internet websites exactwatches.net, swissreplica.us, and thewatchespriceindex.info.) Defendant Bosini also communicates with his customers exclusively by e-mail using several addresses including support@exactwatches.net and support@swissreplica.us (the "Customer Service e-mail Addresses"), which are listed on his websites exactwatches.net and swissreplica.us, respectively. (See Holmes Decl. ¶ 8 and Exhibit 5 attached thereto, true and correct copies of the relevant pages from the internet websites exactwatches.net and swissreplica.us.)

Defendant Bosini instructs customers, and most recently Plaintiffs' counsel, to contact him via the subject websites' Customer Service e-mail addresses with any questions or concerns. On July 20, 2009, Plaintiffs' counsel Nicole L. Drey received a telephone call from Defendant Tony Bosini. During that call, Defendant Bosini referenced this lawsuit and stated he received "our

4

NOTICE OF MOTION AND MOTION TO AUTHORIZE ALTERNATE SERVICE OF
PROCESS ON DEFENDANT; MEMORANDUM OF POINTS AND AUTHORITIES
Case No. C-09-1972 MHP

letter."[1] (See Declaration of Nicole L. Drey ("Drey Decl.") ¶ 2.) When asked for his contact information by Ms. Drey, Defendant Bosini expressly stated he could be reached at any of the e-mail addresses for the websites. (Id.) Defendant Bosini refused to even provide a phone number to Ms. Drey. (Id.)

In order to confirm the validity of Defendant Bosini's various e-mail addresses for service of process, Investigator Holmes sent pretext e-mails to each of the Customer Service e-mail Addresses. Specifically, on June 30, 2009 and July 1, 2009, Investigator Holmes sent emails to Defendant Bosini via the electronic mail addresses support@exactwatches.net and support@swissreplica.us, the customer service e-mail addresses listed on the websites exactwatches.net and swissreplica.us, respectively. (See Holmes Decl. ¶ 8 and Exhibits 5 and 6 attached thereto.) Investigator Holmes received a read receipt for the email sent to Defendant Bosini via support@swissreplica.us, thereby conclusively demonstrating the e-mail was opened and displayed on the recipient's computer on July 1, 2009. (See Holmes Decl. ¶ 8 and Exhibit 6 attached thereto.) Thereafter, Investigator Holmes received an e-mail response from support@swissreplica.us, confirming the reliability of the e-mail address. (Id.) The e-mail to support@exactwatches.net was not returned as "undeliverable" thereby demonstrating the information was received and the e-mail address is also valid and operational. (Id.)

### C. Defendant Has Purposefully Falsified His Public Physical Address Data But Has Provided Valid E-mail Addresses.

According to regulations established by the Internet Corporation for Assigned Names and Numbers ("ICANN"), an individual or entity that registers a domain name is required to provide accurate contact information identifying an administrative contact for the domain name. (See ICANN Uniform Domain Name Dispute Resolution Policy ¶ 2 attached as Exhibit 3 to the

---

[1] Since Plaintiffs' counsel has not sent any correspondence to Defendant Bosini, Plaintiffs assume Defendant Bosini was referring to letters sent by Plaintiffs' counsel to the various Registrars for Defendant Bosini's domain names. That correspondence had a copy of the Complaint in this matter attached. As a matter of course, when a Registrar received a letter requesting a domain name lock and a Registrar's Certificate, the letter and attachments are forwarded to the domain name registrant -- in this case, Defendant Bosini.

5

Declaration of Stephen M. Gaffigan.) As demonstrated below, Defendant Bosini has ignored the applicable ICANN regulations and provided false physical address information to his domain name registrars in order to avoid liability for his criminal conduct. However, out of necessity, Defendant Bosini has provided accurate e-mail address contact information to his domain name registrars. As a practical matter, Defendant Bosini must maintain accurate e-mail addresses where his registrars may communicate with him regarding issues related to the purchase, transfer, and maintenance of his accounts. The Declaration of Nicole L. Drey makes it readily apparent that at least one of his Registrars contacted Defendant Bosini by e-mail and provided him with a copy of the Complaint in this matter.

In the WHOIS data reports, Defendant Bosini lists his physical address for the domain names exactwatches.net and swissreplica.us as "Raje, Romani3, 2nd Floor Urb Crec De Palau, Girona, 17003" and for the domain name thewatchespriceindex.info as "raje, romani 3, 2nd floor, girona, 17003 ES." Louis Vuitton authorized an investigation to verify the accuracy of those physical contact addresses. (See Declaration of Nicolay Livadkin ("Livadkin Decl.") ¶ 3.) The physical contact addresses provided by Defendant Bosini were determined to be invalid. (See Livadkin Decl. ¶ 4.) Specifically, the addresses do not list a unit/apartment number. (Id.) The building located at the addresses is a four story apartment complex, with four residential units/apartments on the second floor. (Id.) Without residential unit numbers, the addresses provided by Defendant Bosini are not valid. (Id.) Thus, based on Defendant Bosini's provision of an invalid postal address and Plaintiffs' inability to find another physical address for him, Plaintiffs cannot serve Defendant Bosini by traditional means.

Defendant Bosini has, however, provided accurate e-mail address information to the domain name registrars for several of his domain names. Specifically, Defendant Bosini listed his registrant and administrative contact e-mail address for the websites exactwatches.net and swissreplica.us as tonybosini@gmail.com, the website thewatchespriceindex.info as tonybosini@walla.com, and the website ereplicabags.com as ebay.bosini@gmail.com. In fact, Plaintiffs' counsel Stephen M. Gaffigan recently received an e-mail from Defendant Bosini regarding this lawsuit utilizing one of

6

NOTICE OF MOTION AND MOTION TO AUTHORIZE ALTERNATE SERVICE OF
PROCESS ON DEFENDANT; MEMORANDUM OF POINTS AND AUTHORITIES
Case No. C-09-1972 MHP

the e-mail addresses, ebay.bosini@gmail.com. (See Gaffigan Decl. ¶ 7 and Exhibit 5 attached thereto.)[2] Additionally, on June 15, 2009, Investigator Holmes also sent pretext emails to Defendant Bosini via the electronic mail addresses tonybosini@gmail.com, tonybosini@walla.com and ebay.bosini@gmail.com. (See Declaration of Robert Holmes ("Holmes Decl.") ¶ 7 and Exhibit 4 attached thereto.) The e-mails were not returned as "undeliverable" thereby demonstrating the e-mails were received and the e-mail addresses are valid and operational. (Id.)

### III.   ARGUMENT

**A.   The Court May Authorize Service via Electronic Mail Pursuant to Federal Rule of Civil Procedure 4(f)(3).**

Federal Rule of Civil Procedure 4(f)(3) allows this Court to authorize service of process by any means not prohibited by international agreement as the Court directs. Rio Properties Inc., v. Rio International Interlink, 284 F.3d 1007, 1014 (9th Cir. 2002). The plain language of Rule 4(f)(3) reflects that the decision to issue an order allowing an alternate means of service lies within the sole discretion of the District Court. Id. at 1116. Rule 4 does not require that a party attempt service of process by those methods enumerated in Rule 4(f)(2), including by diplomatic channels and letters rogatory, before petitioning the court for alternative relief under Rule 4(f)(3). Id. at 1114-15. Indeed, alternative service under 4(f)(3) is available "without first attempting service by other means." Id. at 1115. As the Ninth Circuit explained in Rio Properties:

> By all indications, court-directed service under Rule 4(f)(3) is as favored as service available under Rule 4(f)(1) or Rule 4(f)(2). Indeed, Rule 4(f)(3) is one of three separately numbered subsections in Rule 4(f), and each subsection is separated from the one previous merely by the simple conjunction "or." Rule

---

[2] In his e-mail to Mr. Gaffigan, Defendant Bosini claims that his websites operating under the domain names buyhighreplica.com and yourreplicawatch.com "DO NOT sell any chanel products." (See Gaffigan Decl. ¶ 7 and Exhibit 5 attached thereto.) Notably, Defendant Bosini makes no reference to the Louis Vuitton branded items posted on the websites buyhighreplica.com and yourreplicawatch.com, which he continues to sell and offer for sale. Furthermore, despite Defendant Bosini's notice of this pending lawsuit and his claims to the contrary, his buyhighreplica.com website continues to offer for sale Chanel-branded items to this day. (See Gaffigan Decl. ¶7, fn. 1 and Exhibit 4 attached thereto.)

7

4(f)(3) is not subsumed within or in any way dominated by Rule 4(f)'s other subsections; it stands independently, on equal footing. Moreover, no language in Rules 4(f)(1) or 4(f)(2) indicates their primacy, and certainly Rule 4(f)(3) includes no qualifiers or limitations which indicate its availability only after attempting service of process by other means.

* * *

Thus, examining the language and structure of Rule 4(f) and the accompanying advisory committee notes, we are left with the inevitable conclusion that service of process under Rule 4(f)(3) is neither a "last resort" nor "extraordinary relief." It is merely one means among several which enables service of process on an international defendant.

Rio Properties 284 F.3d at 1114.

Additionally, the method of service of process "must also comport with constitutional notions of due process." Rio Properties, 284 F.3d at 1016. "To meet this requirement, the method of service crafted by the district court must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" Id. citing Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950). The Ninth Circuit in Rio held, "without hesitation," that e-mail service of an online business defendant "was constitutionally acceptable." Rio Properties, 284 F.3d at 1017. The Court concluded "not only that service of process by e-mail was proper—that is, reasonably calculated to apprise [the defendant] of the pendency of the action and afford it an opportunity to respond—but in this case, it was the method of service most likely to reach [the defendant]." Id. The Court reached this conclusion in part because the defendant, like the Defendant herein, conducted its business over the Internet, used e-mail regularly in its business, and encouraged parties to contact it via e-mail.

Similarly, a number of Courts have held that alternate forms of service pursuant to Rule 4(f)(3), including e-mail service, are appropriate and may be the only means of effecting service of

8

NOTICE OF MOTION AND MOTION TO AUTHORIZE ALTERNATE SERVICE OF
PROCESS ON DEFENDANT; MEMORANDUM OF POINTS AND AUTHORITIES
Case No. C-09-1972 MHP

process "when faced with an international e-business scofflaw." <u>Popular Enterprises LLC v. Webcom Media Group, Inc.</u>, 225 F.R.D. 560, 563 (E.D. Tenn. 2004) (allowing email service). <u>See also</u> <u>Williams-Sonoma, Inc. v. Friend Finder, Inc.</u>, 2007 WL 4973848 (N.D. Cal. 2007) (allowing email service); <u>Mainstream Media, EC v. Peter Riven, et al.</u> Case No. 08-3623 PJH (N.D. Cal., December 12, 2007) (finding e-mail, international mail, and international courier effective service of process); <u>Philip Morris USA Inc. v. Veles Ltd.</u>, 2007 WL 725412 (S.D.N.Y. 2007) (allowing email service); <u>Williams v. Advertising Sex LLC</u>, 231 F.R.D. 483 (N.D. West Va. 2005) (allowing email service); <u>Maclean-Fogg Co. v. Ningbo Fastlink Equipment Co. Ltd.</u>, 2008 WL 5100414 (N.D. Ill. 2008) (holding email and facsimile service appropriate); <u>MPS IP Services, Corp. v. Modis Communications, Inc.</u>, Case No. 3:06-cv-270-J-20HTS (M.D. Fla. 2006) (allowing Plaintiffs to effect service on Canadian citizen via e-mail, facsimile and regular mail). Plaintiffs submit that allowing e-mail service in the present case is appropriate and comports with constitutional notions of due process, particularly given Defendant Bosini's appraisal of the pendency of the lawsuit and his decision to conduct his illegal Internet based business anonymously.

### B.     Email Service Is Not Prohibited by International Agreement.

As noted in the Declarations of Holmes and Livadkin, prior to filing this Motion, Plaintiffs diligently investigated Defendant Bosini seeking to locate a physical address for service, without success. Thus, as a result of Defendant Bosini's own efforts to conceal his location, Plaintiffs are unable to determine his physical whereabouts. However, Plaintiffs have good cause to suspect Defendant Bosini conducts his business from China.[3] Specifically, the "About Us" section of Defendant Bosini's Replicamaster.com website states in part: "Our factory and warehouse are

---

[3] Although Defendant Bosini lists his physical contact address on the WHOIS record for the domain names exactwatches.net and swissreplica.us as "Raje, Romani3, 2nd Floor Urb Crec De Palau, Girona, 17003, and for the domain name thewatchespriceindex.info as "raje, romani 3, 2nd floor, girona, 17003 ES," Plaintiffs' investigation has verified the addresses are not valid contact addresses for Defendant Bosini. Furthermore, Plaintiffs' investigation has uncovered no evidence of Defendant Bosini residing in Spain. Therefore, the laws of Spain likely do not apply. In any event, as noted below, "service of process ordered under Rule 4(f) (3) may be accomplished in contravention of the laws of the foreign country." <u>Rio Properties</u>, 284 F.3d at 1014.

9

NOTICE OF MOTION AND MOTION TO AUTHORIZE ALTERNATE SERVICE OF
PROCESS ON DEFENDANT; MEMORANDUM OF POINTS AND AUTHORITIES
Case No. C-09-1972 MHP

located in China. All products are shipped directly from our factory in China."[4] (See Holmes Decl. ¶ 9 and Exhibit 7 attached thereto.)

The United States and the People's Republic of China are both signatories to the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters (the "Convention"). (See Gaffigan Decl. ¶ 3 and Exhibit 1 attached thereto, Hague Convention, November 15, 1965, 20 U.S.T. 361, available at http://travel.state.gov/law/info/judicial/judicial_686.html (last visited October 28, 2008) (listing signatory countries).) "Compliance with the Convention is mandatory in all cases to which it applies." Volkswagonwerk AG v. Schlunk, 486 U.S. 694, 705, 108 S. Ct. 2104, 100 L. E.D.2d 722 (1988). However, according to Article 1 of the Convention, "[the] convention shall not apply where the address of the person to be served with the document is not known." 20 U.S.T. 361 (U.S.T. 1969). See also BP Products of North America, Inc. v. Dagra, 236 F.R.D. 270, 271 (E.D.Va., 2006) (authorizing service by publication on Pakistani defendant, despite Pakistan's status as Hague Convention member, because "Hague Convention does not apply in cases where the address of the foreign party to be served is unknown"); Popular Enter., LLC v. Webcom Media Group, Inc., 225 F.R.D. 560, 562 (E.D.Tenn. 2004); Philip Morris USA, Inc. v. Veles Ltd., 2007 U.S. Dist. LEXIS 19780, *3, n.2 (S.D.N.Y., Mar. 13, 2007) (electronic mail service authorized and the Hague Convention did not apply because, despite physical "addresses" having been provided to defendants' registrars, the actual addresses could not be confirmed as valid). As the address of the Defendant Bosini is unknown, Plaintiffs respectfully submit the Convention does not apply in this case.

Moreover, even in cases where it does apply, though it does not expressly authorize e-mail service, the Hague Convention does not preclude email service, and thus, would not constitute a bar to court-directed e-mail service under Rule 4(f)(3). In fact, U.S. Courts have routinely authorized international mail and e-mail service notwithstanding the applicability of the Hague Convention.

---

[4] The "About Us" section also states they have offices located in Miami, Florida (USA) however Plaintiffs' investigation has uncovered no evidence of any such offices in Miami, Florida. (See Holmes Decl. ¶ 9.)

NOTICE OF MOTION AND MOTION TO AUTHORIZE ALTERNATE SERVICE OF PROCESS ON DEFENDANT; MEMORANDUM OF POINTS AND AUTHORITIES
Case No. C-09-1972 MHP

See, e.g., Brockmeyer v. May, 383 F.3d 798, 800 (9th Cir. 2004) ("We join the Second Circuit in concluding that the Convention . . . does not prohibit service of process by international mail"); Nanya Technology Corp., 2007 WL 269087 (Hague Convention, to which Japan is a signatory, did not prohibit e-mail service upon Japanese defendant); Popular Enterprises, 225 F.R.D. at 562; MPS IP Services Corp. v. Modis Communications, Inc., 2007 WL 723841, No. 06-270 (M.D. Fla. March 6, 2007) (Hague Convention, to which Canada is a signatory, did not prohibit e-mail service upon Canadian defendants).

### C. Email Service Is Not Prohibited by International Law.

The Ninth Circuit has stated that "as long as court-directed and not prohibited by an international agreement, service of process ordered under Rule 4(f) (3) may be accomplished in contravention of the laws of the foreign country." Rio Properties, 284 F.3d at 1014. In this case, however, Plaintiffs submit that contravention of foreign laws will not occur. The laws of the People's Republic of China do not appear to prohibit the service of process by e-mail and, in fact, also allow for alternate service means in certain circumstances. (See Gaffigan Decl. ¶ 4 and Exhibit 2 attached thereto, "Civil Procedure Law of the People's Republic of China" downloaded by Plaintiffs' counsel from Chinacourt.org, a website sponsored by the Supreme People's Court of the PRC.)  For example, Article 80 of the law specifically provides that if direct service of a litigation document "proves difficult, … it may be served by post …." Additionally, Article 84 of the law provides that if the whereabouts of a recipient of the service is unknown, or if a document cannot be served by the other methods reflected in the law, a document shall be served by public announcement. (See Exhibit 2 attached to Gaffigan Decl.)  Hence, Plaintiffs submit that allowing service of process upon Defendant Bosini in this case via e-mail would be consistent with alternative service means used in the PRC.

### IV.   CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request this Court grant the present motion to serve the Summons and Complaint upon Defendant Bosini by electronic mail at the electronic

11

1  mail addresses support@exactwatches.net, support@swissreplica.us, tonybosini@gmail.com,
2  tonybosini@walla.com, and ebay.bosini@gmail.com.

3  Dated: July 29, 2009

                                              J. ANDREW COOMBS,
                                              A PROFESSIONAL CORPORATION
                                              By: *Nicole L Drey*
                                                   J. Andrew Coombs
                                                   Nicole L. Drey
                                              Attorneys for Plaintiffs
                                              CHANEL, INC. and
                                              LOUIS VUITTON MALLETIER, S.A.