J. Andrew Coombs (SBN 123881)
andy@coombspc.com
Nicole L. Drey (SBN 250235)
nicole@coombspc.com
J. Andrew Coombs, A P. C.
517 East Wilson Avenue, Suite 202
Glendale, California 91206
Telephone:     (818) 500-3200
Facsimile:     (818) 300-3201

Stephen M. Gaffigan (Pro Hac Vice)
stephen@smgpa.net
Stephen M. Gaffigan, P.A.
401 East Las Olas Blvd., Suite 130-453
Ft. Lauderdale, Florida 33301
Telephone: (954) 767-4819
Facsimile: (954) 767-4821
Attorneys for Plaintiffs
Chanel, Inc. and Louis Vuitton Malletier, S.A.

Ayal Abrams (SBN 224469)
ayal@abramsatlaw.com
Law Office of Ayal Abrams
600 Page Street, #101
San Francisco, California 94117
Telephone:  (415) 994-2437
Facsimile: (415) 358-4951
Attorney for Defendant
Tony Bosini

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA (SAN FRANCISCO)**

| | |
|---|---|
| CHANEL, INC., a New York corporation and LOUIS VUITTON MALLETIER, S.A., a foreign business entity, | Case No. C-09-1972 MHP |
| | **JOINT CASE MANAGEMENT STATEMENT** |
| Plaintiffs, | |
| v. | Date:    November 16, 2009<br>Time:    4:00 p.m.<br>Court:  Hon. Marilyn Hall Patel |
| TONY BOSINI and DOES 1-10, individually and jointly, d/b/a REPLICAMASTER.COM, SHOPREPLICA.COM, BUYHIGHREPLICA.COM, EREPLICABAGS.COM, EXACTWATCHES.NET, REPLICAHOURS.COM, SWISSREPLICA.US, THEWATCHESPRICEINDEX.INFO, and YOURREPLICAWATCH.COM, | |
| Defendants. | |

Pursuant to Rules 16(b) and 26(f) of the Federal Rules of Civil Procedure, a telephonic conference of counsel for the parties to this action was held on October 26, 2009. This conference was attended by Stephen M. Gaffigan on behalf of Chanel, Inc. and Louis Vuitton Malletier, S.A. (collectively "Plaintiffs") and Ayal Abrams on behalf of Tony Bosini d/b/a Replicamaster.com, Shopreplica.com, BuyHighReplica.com, EReplicaBags.com, ExactWatches.net, ReplicaHours.com, SwissReplica.us, TheWatchesPriceIndex.info and YourReplicaWatch.com ("Defendant"). Following this conference, the parties to the above-entitled action (the "Parties") submit this Joint Case Management Statement and request the Court to adopt it as the Case Management Order in this case, pursuant to Federal Rule of Civil Procedure 16 and Civil L.R. 16-10(b).

## JOINT CASE MANAGEMENT STATEMENT

1. <u>Jurisdiction and Service</u>

<u>Jurisdiction</u>:

Plaintiffs contend that the claims alleged herein arise under the Trademark Act, 15 U.S.C. § 1114 and §1125(a) for trademark infringement and counterfeiting and false designation of origin. Plaintiffs contend that this Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338. Plaintiffs contend that this Court has personal jurisdiction over the Defendant because he does business in the district. Plaintiffs contend that the events giving rise to the claims alleged herein occurred, among other places, within this judicial district. Plaintiffs contend that venue in the Northern District of California is proper pursuant to 28 U.S.C. § 1391(b).

Defendant, in an effort to promote early settlement of this dispute, has already stipulated to the jurisdiction of this court as reflected in the Stipulation Consent Preliminary Injunction, ordered on October 28, 2009.

Service:  All named parties have been served.

2. Facts

Plaintiffs seek monetary damages and injunctive relief against the Defendant, including transfer of the domain names identified in Paragraph 8 of the Complaint and Replicahause.com, for infringing Plaintiffs' trademarks.  In particular, Plaintiffs allege that Defendant was responsible for the distribution, promotion and sale of handbags, wallets, watches, bracelets, earrings, necklaces, and other goods bearing each Plaintiff's Respective Marks identified in Paragraphs 12 and 13 of the Complaint.

Defendant disputes liability and the amount of damages sought by Plaintiffs.

3. Legal Issues

Plaintiffs identify Defendant's liability, willfulness and the extent of Defendant's profits as the principal issues in the case.

Defendant largely concurs with Plaintiff's assessment of the principle legal issues in this case, although it disputes that transfer of its domain names would be an appropriate remedy in this matter.

4. Motions

There are currently no motions pending before the Court.

Additionally, Plaintiffs believe a motion for summary judgment as to liability and/or entry of a preliminary injunction may be appropriate.

Defendant does not anticipate the need for any motions at this time.

5. Amendment of Pleadings

Plaintiffs, at this time, do not contemplate the amendment of pleadings for any reason, including the addition of new parties.

The Parties propose that the last day to amend the pleadings and the last day to join additional parties shall be 90 days from the date of the case management conference.

6. Evidence Preservation

The Parties have discussed discovery and preservation of electronically stored information.

7. Disclosures

The Parties agree that the required disclosures under Rule 26(a)(1) will be made on or before November 4, 2009.

8. Discovery

Plaintiffs anticipate propounding written discovery, subpoenas to third parties and taking depositions. Plaintiffs do not believe that discovery should be conducted in phases or limited to or focused only upon particular issues.

Defendant anticipates propounding written discovery and responding to written discovery.

The Parties propose that fact discovery be completed by the proposed discovery cut-off date of March 12, 2010, with a later date for expert discovery.

The Parties do not propose any other changes in the limitations on discovery beyond those already contained in the Federal Rules and the Local Rules.

9. Class Actions

Not applicable.

10. Related Cases

Not applicable.

11. Relief

Plaintiffs contend it may elect statutory or actual damages but is not prepared to make that election at this time. In any event, Plaintiffs will seek entry of a permanent injunction.

12. Settlement and ADR

Settlement: The Parties have engaged in preliminary settlement discussions, with an offer by Defendant pending at the time of the filing of this Joint Case Management Conference Statement. In order to facilitate settlement, Defendant agreed to enter into the Stipulated Consent Preliminary Injunction, as ordered on October 28, 2009. By agreement of the parties Defendant has yet to file a responsive pleading while settlement discussions are ongoing in an effort to direct resources towards settlement. In the event the parties are unable to reach a settlement then Defendant will file a responsive pleading and defend this action. There appears to be a strong likelihood for settlement.

ADR Plan: The Parties have selected mediation as their preferred method.

Plaintiffs have filed their ADR Certification attesting to those matters set forth at ADR Local Rule 3-5(b).

13. Consent to Magistrate Judge for All Purposes

The Parties consent to assignment of this case to a United States Magistrate Judge for Trial.

14. Other References

The Parties do not believe the case is suitable for reference to binding arbitration, a special master or the Judicial Panel on Multidistrict Litigation.

15. Narrowing of Issues

At this time the Parties have yet to identify issues that can be narrowed by agreement or by motion for purposes of trial.

16. Expedited Schedule

The Parties believe that the legal issues are sufficiently complex such that this case is not appropriate to be handled on an expedited basis with streamlined procedures.

### 17. Scheduling

The parties propose an expert designation deadline consistent with the Federal Rules.

The parties propose a fact discovery cut-off date of March 12, 2010, by which time all fact discovery shall be concluded.

The parties propose that all motions, including dispositive motions, be requested to be heard not later than April 23, 2010.

The parties propose a pretrial conference date of June 18, 2010.

The parties propose a trial date of June 29, 2010.

### 18. Trial Estimate

Neither party has requested a trial by jury.   The Parties estimate a trial of approximately four (4) or five (5) court days.

### 19. Disclosure of  Non-party Interested Entities or Persons

Plaintiffs have filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16.

Defendant has not yet made a first appearance before this court and thus has not yet filed a "Certificate of Interested Entities or Persons" as set forth in Civil Local Rule 3-16.  In the event this matter is not settled by the time of the Case Management Conference then Defendant will file the required Certificate stating that there are no interests other than that of the named parties to this litigation as set forth in Plaintiffs Certificate filed on May 5, 2009.

/ / /


/ / /


/ / /

20. Other Issues

The Parties did not identify any other issues affecting case management.

DATED:  November 9, 2009			J. Andrew Coombs, A Professional Corp.


					_____/s/ Nicole L. Drey_____
						J. Andrew Coombs
						Nicole L. Drey
					Attorneys for Plaintiffs


DATED:  November 9, 2009			Law Office of Ayal Abrams


					_____/s/ Ayal Abrams_____
						Ayal Abrams
					Attorney for Defendant

**PROOF OF SERVICE**

  I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Los Angeles, and not a party to the above-entitled cause. I am employed by a member of the Bar of the United States District Court of California. My business address is 517 East Wilson Avenue, Suite 202, Glendale, California 91206.

  On November 9, 2009, I served on the interested parties in this action with the:

- **JOINT CASE MANAGEMENT STATEMENT**
- **ADR CERTIFICATION BY PARTIES AND COUNSEL**

for the following civil action:

<u>CHANEL, INC., et al. v. TONY BOSINI, et al.</u>

by placing a true copy thereof in an envelope to be immediately sealed thereafter. I am readily familiar with the office's practice of collecting and processing correspondence for mailing. Under that practice it would be deposited with the United States Postal Service on the same day with postage thereon fully prepaid at Glendale, California in the ordinary course of business. I am aware that on motion of the party served, service presumed invalid if postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit.

**Ayal Abrams**
**600 Page Street, #101**
**San Francisco, California 94117**

Place of Mailing: Glendale, California
Executed on November 9, 2009, at Glendale, California

_____
Nicole L. Drey