UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANEL INC., et al., ) <br> ) <br>     Plaintiff(s), ) <br> ) <br>   v. ) <br> ) <br> TONY BOSINI, et al., ) <br> ) <br>     Defendant(s). ) <br> ) <br>_____) | No. C09-1972 BZ <br><br> **ORDER DENYING DEFENDANT'S MOTION TO STRIKE** |

    Before the Court is defendant's motion to strike plaintiff's request for the transfer of certain domain names from the complaint.

    "[A] motion to strike may be used to strike any part of the prayer for relief when the damages sought are not recoverable as a matter of law." Bureerong v. Uvawas, 922 F.Supp. 1450, 1479, n. 34 (C.D.Cal.1996).  Motions to strike are generally viewed with disfavor and are not frequently granted.  See Clement v. American Greetings Corp., 636 F.Supp. 1326, 1329 (S.D.Cal.,1986).  Courts must view the pleading under attack in the light most favorable to the pleader. Bureerong, 922 F.Supp. at 1462.

1

Defendant's sole argument in support of his motion is that plaintiff did not allege a violation of 15 U.S.C. § 1125(d).[1]  However, defendant did not argue or persuade me that Section 1125(d) is the exclusive means by which a court can transfer domain names in the exercise of its inherent equitable powers.  For example, defendant has not responded to plaintiff's argument that it may seek the requested relief under 15 U.S.C. § 1116.

The balance of defendant's motion discounts the applicability of <u>Philip Morris USA, Inc. V. Otamedia Limited</u>, 331 F.Supp. 2d 228 (S.D.N.Y. 2004).  While it may be true that plaintiff's proof will not rise to the level found in <u>Philip Morris</u>, that case undermines defendant's position that such relief is unavailable as a matter of law.[2]

Defendant has not established that plaintiff is not entitled to the relief it seeks "as a matter of law." <u>Bureerong</u>, 922 F.Supp. at 1479, n. 34.  Defendant's motion to strike is therefore **DENIED**.  Defendant is **ORDERED** to file an answer by **FEBRUARY 5, 2010.**

Dated: January 19, 2010

                                     *Bernard Zimmerman*
                                     Bernard Zimmerman
                                  United States Magistrate Judge

G:\BZALL\-BZCASES\CHANEL V. BOSINI\ORDER DENYING MOT TO STRIKE.FINAL.wpd

---

[1]  Section 1125(d) prohibits cybersquatting and authorizes the transfer of domain names as a remedy.

[2]  "Once a right and a violation have been shown, the scope of a district court's equitable powers to remedy past wrongs is broad[.]" <u>Swann v. Charlotte-Mecklenburg Bd. Of Educ.</u>, 402 U.S. 1, 15 (1971).

2